**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| ROBERT L. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:05-cv-0069-SEB-VSS |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Complaint for Judicial Review**

Robert L. Miller ("Miller") seeks judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of his application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq*.

For the reasons explained in this Entry, the Commissioner's decision must be **remanded** for further proceedings.

### I.  BACKGROUND

Miller applied for DIB on August 28, 2000, alleging an onset date of March 15, 2000. His application was denied initially and upon reconsideration. His request for a hearing before an Administrative Law Judge ("ALJ") was granted, and such hearing was conducted on February 21, 2002. Miller was present, accompanied by his attorney. Medical and other records were introduced into evidence, and Miller, his father, a medical expert and a vocational expert testified.

The ALJ denied Miller's application on March 28, 2002. On November 19, 2004, the Appeals Council denied Miller's request for review of the ALJ's decision, making the ALJ's decision final, *see Luna v. Shalala,* 22 F.3d 687, 689 (7th Cir. 1994), and this action for judicial review of the ALJ's decision followed. The court has jurisdiction over Miller's complaint pursuant to 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in [a] district court of the United States."

The ALJ's decision included the following findings: (1) Miller met the disability insured status requirements of the Act on March 15, 2000, the date he stated he became unable to work, and continued to meet them through at least December 2004; (2) Miller had not engaged in substantial gainful activity since March 15, 2000; (3) the medical evidence established that Miller had severe lumbar disc disease, obesity, diabetes, and high blood pressure, but that he did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4; (4) evaluation pursuant to Social Security Ruling 96-7p and the implementing Regulations at 20 CFR 404.1529 indicates that the evidence on the record as a whole does not support the claimant's subjective complaints to the extent alleged; (5) Miller was restricted to performing sedentary work.  His ability to work at the sedentary level was compromised by a need to snack during the day, he must be allowed to alternate between standing and seated positions for ten minutes each hour to alleviate discomfort, he could not climb ramps, ladders, or scaffolds, he must avoid work at unprotected heights, dangerous moving equipment, open flames, and open bodies of water; (6) Miller was unable to perform his past relevant work; (7) Miller was 45 years old, which is defined as a younger individual, and he had a high school education; (8) although Miller had acquired work skills, they were not transferable to the skilled or semiskilled work functions of other work that he remained capable of performing; (9) based on an exertional capacity for sedentary work and Miller's age, education and work experience, section 404.1569 and Rule 202.21, Table No. 1, Appendix 2, Subpart P, Regulations No. 4, would direct a conclusion of "not disabled;" (10) Miller remained capable of performing unskilled sedentary jobs that exist in significant numbers in the national economy, including cashier clerk (3,000 positions in the Indiana economy) and office clerk (3,441 positions in the Indiana economy); and (11) because Miller's capacity for sedentary work had not been compromised by his nonexertional limitations, the above-cited rule provided a framework for finding that Miller was not disabled.  With these findings in hand, and through the application of applicable rules and regulations, the ALJ concluded that Miller had not been disabled within the meaning of the Act at any time through the date of the ALJ's decision.

## II.  DISCUSSION

### A.    Applicable Law

To be eligible for disability benefits, a claimant must prove he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1).

A five-step inquiry outlined in Social Security regulations is used to determine disability status. *Butera v. Apfel,* 173 F.3d 1049, 1054 (7th Cir. 1999).

> In order to determine whether an individual is entitled to disability insurance benefits, the ALJ must engage in a sequential five-step process which establishes whether or not the claimant is disabled. The claimant must show that: (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy. *Stevenson v. Chater*, 105 F.3d 1151, 1154 (7th Cir.1997); 20 C.F.R. § 416.920.

*Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

The task a court faces in a case such as this is not to attempt a *de novo* determination of the plaintiff's entitlement to benefits, but to decide if the Commissioner's decision was supported by substantial evidence and otherwise is free of legal error. *Kendrick v. Shalala,* 998 F.2d 455, 458 (7th Cir. 1993). "Substantial evidence" has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB,* 305 U.S. 197, 229 (1938)).

### B. Analysis

The ALJ determined that Miller had severe lumbar disc disease, obesity, diabetes, and high blood pressure, but that he could perform some sedentary work with certain restrictions. Miller argues that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence. More specifically, Miller contends that the ALJ improperly rejected the opinion of his treating physician, improperly evaluated his credibility, and failed to adequately consider the effects of his obesity on his ability to function.

The ALJ acknowledged that treating physician, Dr. William Tierney, opined that Miller could sit for only fifteen minutes at one time and for less than two hours during an eight hour day, could not walk even one block, could stand for only ten minutes at a time and for less than two hours during an eight hour day. (R. at 17). The ALJ concluded that Dr. Tierney's opinion was "extreme in nature." *Id.* The ALJ indicated that it was "inconsistent with the objective data as well as with the opinion of an orthopedic medical expert. Further, Dr. Tierney's opinion is inconsistent with the claimant's activities of daily living." *Id.* The ALJ noted that although Miller had alleged he was quite impaired, he did not go to as far an extreme as Dr. Tierney. *Id.* Therefore, the ALJ found that Dr. Tierney's opinion was not probative and was "not weighted herein." *Id.* Instead, the ALJ relied on the opinion of non-examining orthopedic medical expert Dr. Hutson. (R. at 18).

"A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not

inconsistent with other substantial evidence in the record." *Clifford v.Apfel,* 227 F.3d 863, 870 (7th Cir.2000) (citing 20 C.F.R. § 404.1527(d)(2)). If an ALJ decides to reject medical evidence offered by a treating physician, he must provide good reasons for his decision. *See Scivally v. Sullivan*, 966 F.2d 1070, 1076 (7th Cir.1992) ("The ALJ must minimally articulate his reasons for crediting or rejecting evidence of disability.").

Miller argues that the ALJ's reasons for discrediting the treating physician's opinion do not stand up to scrutiny. It is well taken that the ALJ does not explain how Dr. Tierney's opinion was inconsistent with Miller's own allegations. The ALJ noted that Miller testified that he could sit for only fifteen minutes at a time, stand for only up to fifteen minutes, walk only fifty feet, lift not more than ten pounds, had a problem bending and could not tie his shoes. (R. at 18). The ALJ noted that Miller testified that he had problems whether sitting or standing, he twisted and turned when seated, and he could not sit on a bench or stool because he required back support. *Id.* The ALJ noted that Miller's father made a corroborating statement at the hearing, and had testified that Miller had to lean over the stove or sink when he cooked because of pain. *Id.* The ALJ fails to explain how Dr. Tierney's opinion is inconsistent with Miller's testimony concerning his ability to perform daily living activities.

The ALJ did not rely on the opinion of the state agency physicians because they did not have the opportunity to review the most recent evidence of record. (R. at 17). The ALJ noted that consulting examining physician Dr. Henderson opined that Miller's obesity markedly restricted his ranges of motion, his gait and station were unsteady, he could not tandem walk and could not walk on one foot, he had difficulty ascending the examination table, and that Miller was not able to do all of the usual activities of daily living. (R. at 17, 120-22). The ALJ's reliance on the opinion of non-examining medical expert Dr. Hutson that Miller could perform sedentary work is not supported by substantial evidence in light of the inconsistent opinions of the treating physician and examining consulting physician. "An ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice." *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003). Accordingly, the ALJ's rejection of Dr. Tierney's opinion and his resulting RFC assessment are not supported by substantial evidence.

Miller further argues that the ALJ erred in evaluating his credibility. The ALJ determined that the evidence as a whole did not support Miller's subjective complaints to the extent alleged. (R. at 18). The ALJ remarked that "[t]here is no question that Mr. Miller is severely impaired. However, the clinical data does not show all of the symptoms and signs of a totally disabling impairment." *Id.* The ALJ went on to say that Miller's "treatment history is inconsistent with a totally disabling impairment. He has refused stronger pain medications. He is not using a back brace or a TENS unit. He is not receiving physical therapy, chiropractic treatment, massage therapy, acupuncture, or any other form of low-cost, conservative treatment." *Id.* The record, however, does not indicate that any such treatment had been recommended and/or refused. Miller took narcotic prescription pain medications, which he testified relieved the pain but only temporarily, for a matter of hours. (R. at 227).

4

The ALJ further reasoned that sedentary level work was consistent with Miller's self-described activities of daily living. This conclusion is not supported by the record. The ALJ noted that Miller testified that he lived with his father and brother, he cooked occasionally, he watched television, browsed through books and magazines, took care of his pet, took care of his personal needs, visited neighbors, and did not do yard work. (R. at 18). In addition, the ALJ acknowledged that Miller stated that he was severely limited in his ability to sit, stand, walk, and lift, as discussed above. *Id.* The Seventh Circuit has cautioned that an ability to perform minimal daily activities does not establish that a claimant is capable of substantial physical activity. *See Carradine v. Barnhart,* 360 F.3d 751, 755 (7th Cir.2004) (ALJ "failed to consider the difference between a person's being able to engage in sporadic physical activities and her being able to work eight hours a day five consecutive days of the week"); *Clifford,* 227 F.3d at 872 (performing some household chores, cooking simple meals, and occasional grocery shopping are "minimal" activities). Although an ALJ's credibility determination is generally entitled to deference, "when such determinations rest on objective factors or fundamental implausibilities rather than subjective considerations, appellate courts have greater freedom to review the ALJ's decision." *Herron v. Shalala*, 19 F.3d 329, 335 (7th Cir. 1994). *See also Carradine,* 360 F.3d at 754 (noting that remand is appropriate when the ALJ "based his credibility determination on serious errors in reasoning rather than merely the demeanor of the witness"). The ALJ's conclusion that Miller's minimal daily activities were consistent with an ability to perform sedentary work - - that is, sit for six hours in an eight hour day and stand and/or walk for two hours in an eight hour day - - is not supported by substantial evidence. *See* 20 C.F.R. §§ 404.1567(a); *Diaz v. Chater,* 55 F.3d 300, 306 (7th Cir. 1995). Because the ALJ has failed to "build an accurate and logical bridge from the evidence to [his] conclusion," *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002), the court must remand the decision for further consideration.

### III. CONCLUSION

For the reasons discussed in this Entry, the ALJ's conclusions at step five of the sequential analysis are not supported by substantial evidence. This court is thus required to remand the case to the ALJ for further consideration consistent with this decision. *Melkonyan v. Sullivan*, 501 U. S. 89, 98 (1991) (a court may remand the case after passing on its merits and issuing a judgment affirming, modifying, or reversing the Commissioner's decision, a "sentence four" remand).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 02/28/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana